2010 OK JUD ETH 4

**JUDICIAL ETHICS OPINION 2010–4.**

**No. 2010–4.**

Oklahoma Judicial Ethics Advisory Panel.

June 22, 2010.

### JUDICIAL ETHICS ADVISORY PANEL

¶ 1 Question(s): May the campaign committee of a candidate for a judicial office solicit and accept a contribution from a political action committee (PAC) that has a policy of only making contributions to the members of a single political party?

¶ 2 Answer: No.

¶3 Discussion: *20 O.S. Sec. 1404* et cetera—provides among other things that a judge or judicial candidate may not engage in partisan political activities and may not divulge the party, if any, with which the judge, or candidate is registered. Canon 5 prohibits a judge or judicial candidate from engaging in political activities on behalf of other candidates.

¶4 Canon 2(A) states "A judge should respect and comply with the law at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

¶5 Clearly a judicial candidate may dictate what his or her campaign committee may or may not do. No one is naïve enough to believe that a partisan political pact is going to donate to or support a candidate other than a member of that political party. We reiterate that the perception of the actions of a judge or judicial candidate is just as important as the actual fact in complying with the provisions of a code designed to promote public confidence in the integrity and impartiality of the judiciary.

/s/ Robert L. Bailey, Chairman

/s/ Milton C. Craig, Secretary

/s/ Robert E. Lavender